**GREENBERG TRAURIG, LLP**
ATTORNEYS AT LAW
SUITE 700
2375 EAST CAMELBACK ROAD
PHOENIX, ARIZONA 85016
(602) 445-8000

John R. Clemency (SBN 009646)
clemencyj@gtlaw.com
Todd A. Burgess (SBN 019013)
burgesst@gtlaw.com

Proposed Attorneys for Mortgages Ltd.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>MORTGAGES LTD.,<br><br>Debtor. | Involuntary Chapter 7 Case<br><br>(Motion to Convert to Chapter 11 pending)<br><br>Case No. 2-08-bk-07465-RJH<br><br>**AFFIDAVIT OF MORRIS C. AARON IN SUPPORT OF DEBTOR'S APPLICATION FOR AN ORDER UNDER 11 U.S.C. § 327(A) AUTHORIZING THE EMPLOYMENT OF MCA FINANCIAL GROUP, LTD. AS FINANCIAL ADVISOR TO THE DEBTOR** |

STATE OF ARIZONA )
                 ) ss.:
County of Maricopa )

Morris C. Aaron, being duly sworn, deposes and says:

1. I am the President of MCA Financial Group, Ltd., ("MCA"), located at 4909 N. 44th Street, Phoenix, AZ 85018.

2. I respectfully submit this affidavit in connection with the *Application for an Order Under 11 U.S.C. § 327(a) Authorizing the Retention and Employment of MCA Financial Group,*

PHX 328,279,029v2

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA 85016
(602) 445-8000

1 | *Ltd. as Financial Advisor to the Debtor* (the "MCA Application") filed by Mortgages, Ltd.
2 | ("MLtd" or "Debtor"), the debtor in the above captioned proceeding. Pursuant to the MCA
3 | Application, 11 U.S.C. § 327(a), and Rules 2014(a) and 2016(a), Federal Rules of Bankruptcy
4 | Procedure, the Debtor asks the Court to enter an Order authorizing it to retain MCA as its
5 | financial advisor in the above-captioned case.

6 |     3.    The purpose of this Affidavit is to provide the disclosures required under 11 U.S.C. § 327(a), as necessary to a finding that MCA qualifies as a "disinterested person" as defined in 11 U.S.C. § 101(14) of the Code. Consistent with Federal Rule of Bankruptcy Procedure 2014(a) and 2016(a), and the Local Rules of this Court, this Affidavit is intended as a verified statement setting forth to the best of my knowledge, all of MCA's connections with the Debtor, other parties in interest and its professionals in this case, as well as all amounts received by MCA as compensation for professional services, expense reimbursements, and advance fee retainers in the one (1) year prior to the commencement of the bankruptcy case. In the event that additional connections within the scope of the foregoing Rule are discovered during the pendency of this case, MCA will undertake to file supplemental disclosures as may become necessary and appropriate.

    4.    All capitalized terms not otherwise defined herein are intended to have the meanings ascribed to them in the MCA Application, the Bankruptcy Code, and other applications and motions filed contemporaneously with this Affidavit.

    5.    To the best of my knowledge and information, except as set forth in paragraph 8 below, MCA has no connection with the Debtor, its respective creditors, any other party in interest herein, its current respective attorneys or professionals, the United States Trustee or any person employed in the office of the United States Trustee, and does not hold any adverse interest or represent any entity having an adverse interest in connection with the Debtor's case. For so long as MCA is retained by the Debtor, MCA will not represent any person or entity other than

-2-

PHX 328,279,029v2

the Debtor in connection with the above-captioned case.

6. MCA maintains a computer database containing the names of all of MCA's current and former clients and, where practical, the known affiliates of those persons and entities. MCA maintains and systematically updates its computer database in the ordinary course of business, and it is the regular practice of MCA to make and maintain these records. MCA has made every effort to conduct a comprehensive conflict analysis by searching its computer database for any representations of current or past borrowers, creditors, and equity security holders of the Debtor. I will supplement this Affidavit with additional disclosures to the extent necessary.

7. To the best of my knowledge, except as disclosed herein, MCA does not hold or represent any interest adverse to the Debtor, the estate, creditors, or any other party with an actual or potential conflict in this Chapter 11 case. Periodically, MCA may have represented certain creditors of the Debtor in matters unrelated to this Chapter 11 case.

8. MCA has in the past represented, currently represents, or has connections with the following entities in unrelated matters within the scope of Federal Rule of Bankruptcy 2104(a):

   a. MCA has worked extensively with Greenberg Traurig, LLP ("GT") over the years on unrelated matters, and MCA has engaged GT on occasion to serve as counsel for MCA in litigation matters (primarily matters where MCA was appointed to serve as a receiver).

   b. MCA previously represented Zacher Construction, Inc. and The Zacher Development Company, L.L.C. (together, "Zacher") on various projects. Zacher has three (3) loans with MLtd, the: (1) Maryland & Central, (2) Missouri & 8th Street, and (3) Tempe Rio Salado properties. Approximately two months ago, MCA resigned from its representation of Zacher (except where Mark Leggio has been involved as a guarantor, but Mr. Leggio is not a guarantor of any MLtd loan).

9. Except as set forth above, to the best of my knowledge, MCA does not have any connections with the Debtor, any creditors, any other parties in interest, any of the professionals to be retained in this case, the United States Trustee or any person employed in the Office of the

-3-

PHX 328,279,029v2

United States Trustee. Except as discussed below, MCA is not a creditor of the Debtor, and is not an equity security holder or an insider of the Debtor.

10. The professional services that MCA expects to render to the Debtor include, but shall not be limited to, the following:

   a. to assess MLtd's financial condition, and to offer advice on restructuring, including but not limited to, management of MLtd's debt;

   b. to assist in the evaluation of MLtd's loan portfolio and develop and implement collection strategies for MLtd;

   c. to assist with the preparation of strategy for reorganization and in the preparation of a plan and disclosure statement;

   d. to assist MLtd in the preparation of bankruptcy statements and schedules, budgets, cash forecasts, and similar financial and accounting reports and analysis; and

   e. to perform all other financial services for MLtd which may be necessary and proper in this proceeding.

11. MCA is well suited for the type of representation required by the Debtor. MCA has substantial experience in accounting and finance in the context of bankruptcy and complex commercial litigation. MCA has significant experience reorganizing businesses as a financial advisor to debtors in Chapter 11 cases, as a trustee in Chapter 11 and Chapter 7 cases, and as a receiver in state court proceedings. Consequently, MCA has the resources and experience necessary to serve as financial advisors for the Debtor's reorganization efforts.

12. In addition, to its experience and general expertise, MCA is uniquely suited to serve as a financial advisor to the Debtor in this matter based upon its prepetition experience working for the Debtor. MCA originally was retained on June 6, 2008, and since that time has become intimately familiar with the Debtor's finances and business operations. Under the circumstances, MCA's employment as a financial advisor is in the best interest of the Debtor, its estate, and its creditors.

13. Subject to this Court's approval and in accordance with Sections 330 and 331 of

the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the rules of, and other procedures that may be fixed by, this Court, MCA and the Debtor have agreed that MCA will be compensated on an hourly basis in accordance with MCA's ordinary and customary rates which are in effect on the date the services are rendered.

14. MCA has advised the Debtor that the current hourly rates applicable to the professionals who are anticipated to have primary responsibility for this representation are:

   a. Morris C. Aaron     $350 per hour
   b. Keith Bierman       $350 per hour

Other professionals may render services to the Debtor as needed. Generally, MCA's hourly rates are in the following ranges:

| Title | Rate per Hour |
| --- | --- |
| Director | $195 to $225 per hour |
| Managing Directors | $250 to $295 per hour |
| Senior Managing Director | $350 per hour |
| Para professional | $75 per hour |

15. The Debtor understands that the hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions. Consistent with MCAs policy with respect to its other clients, MCA will continue to charge the Debtor for other charges and disbursements incurred in the rendition of services, including, among other things, costs for telephone charges, photocopying, business meals, computerized research, messengers, couriers, and postage.

16. MCA intends to apply to the Court for allowance of compensation for professional services rendered, including its costs and expenses incurred in this case in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules for the District of Arizona and the orders of this Court. MCA will seek compensation for the

-5-

PHX 328;279,029v2

services of each professional acting on behalf of the Debtor in this case at the then-current rate charged for such services on a non-bankruptcy matter.

17. MCA has agreed to accept as compensation such sums as may be allowed by the Court on the basis of (i) the professional time spent; (ii) the rates charged for such services; (iii) the necessity of such services to the administration of the estate; (iv) the reasonableness of the time within which the services were performed in relation to the results achieved; and (v) the complexity, importance, and nature of the problems, issues or tasks addressed in this case.

18. Other than as set forth above, no arrangement is proposed between the Debtor and MCA for compensation to be paid in this case.

19. At the time of MCA's original retention, the Debtor provided MCA with a retainer of $150,000. Because the Petitioning Parties filed the Involuntary Parties just before 5:00 p.m. on Friday, June 20, 2008, MCA was unable to apply all of its unpaid professional fees against its retainer. Therefore, MCA currently has an unpaid claim for prepetition professional fees in the amount of $20,144.59 secured by a prepetition retainer in the amount of $90,000. Under the circumstances, and in the interest of fairness, MCA requests that it be allowed to apply is unpaid prepetition fees against the prepetition retainer that it holds. However, I have informed the Debtor that, if necessary, MCA will waive its prepetition claim if the Court rules that the existence of the claim prevents a finding that MCA is disinterested.

20. On June 23, 2008, the Debtor provided MCA with an additional advance fee retainer of $39,800 from the proceeds of a secured loan obtained by the Debtor from Southwest Value Partners. Therefore, MCA currently holds a total advance fee retainer in the amount of $129,800 ("the Retainer"). MCA has informed the Debtor that it will hold the Retainer in trust during the pendency of this Chapter 11 case to be applied toward the payment of MCA's final compensation and expenses awarded in the case pursuant to 11 U.S.C. § 330(a)(1).

21. As discussed above, MCA was retained by the Debtor prior to the Petition Date

-6-

PHX 328,279,029v2

and during the "gap period" (the time from the Petition Date through the date that the Conversion Motion was filed). In the year prior to the Petition Date, in addition to the Retainer, the Debtor paid MCA approximately $81,470.53 in the ordinary course of business as compensation for professional services rendered by MCA. On June 23, 2008, the Debtor paid MCA $35,200.25 in the ordinary course of business as compensation for professional services rendered by MCA for the Debtor during the gap period.

22. Other than the unpaid secured claim for prepetition professional fees discussed above, MCA does not hold any interest adverse to the Debtor. However, if necessary, MCA has agreed to waive its claim if such waiver is a condition to the Court's approval of this Application.

If called to testify in this matter, I would testify consistent with my statements herein. Further affiant sayeth not.

Morris C. Aaron
President, MCA Financial Group, Ltd.

Subscribed and sworn to before me this 24th day of June, 2008 by Morris C. Aaron.



DANA WILSON
NOTARY PUBLIC - ARIZONA
MARICOPA COUNTY
My Commission Expires
April 9, 2010

COPIES of the foregoing were served this ___ day of June, 2008 on all parties on the attached Service List via U.S. Mail, Email, Facsimile, or Hand-Delivery.

-7-

PHX 328,279,029v2

Donald L. Gaffney
Snell & Wilmer LLP
One Arizona Center
Phoenix, AZ 85004
dgaffney@swlaw.com
Attorneys for KGM Builders, Inc., Central & Monroe, LLC and Osborn III Partners, LLC

Ryan W. Anderson
Guttilla Murphy Anderson, PC
4150 West Northern Avenue
Phoenix, AZ 85051
randerson@gamlaw.com
Attorneys for Department of Financial Institutions

Jerome K. Elwell, Esq.
Warner Angle
3550 N. Central, #1500
Phoenix, AZ 85012
jelwell@warnerangle.com
Attorneys for Francine Hardaway

C. Taylor Ashworth
Alisa C. Lacey
Stinson Morrison Hecker LLP
1850 N. Central Avenue, Suite 2100
Phoenix, AZ 85004
tashworth@stinson.com
Attorneys for Oxford and Investor Group

Felecia A. Rotellini
Robert Charlton
Arizona Department of Financial Institutions
2910 N. 44th Street Suite 310
Phoenix, AZ 85018
frotellini@azdfi.gov
fcharlton@azdfi.gov

William J. Maledon
John L. Blanchard
Osborn Maledon, PA
2929 N. Central Avenue, Suite 2100
Phoenix, AZ 85012
wmaledon@omlaw.com
jblanchard@omlaw.com
Attorneys for Rightpath Limited Development

Christopher S. Reeder
Yaw-Jium Wu
Sheppard, Mullin, Richter & Hampton LLP
333 South Hope St, 48th Fl
Los Angeles, CA 90071
creeder@sheppardmullin.com
gwu@sheppardmullin.com
Attorneys for Right path

Robert A. Shull
Mariscal, Weeks, McIntyre & Friedlander, PA
2901 N. Central Avenue, Suite 200
Phoenix, AZ 85012
rob.shull@mwmf.com
Attorneys for Artemus Realty Capital, LLC and Gold Creek, Inc.

Office of the U.S. Trustee
Attn: Ilene Lashinsky
c/o Elizabeth C. Amorosi, Esq.
230 N. First Avenue, #204
Phoenix, AZ 85003
Elizabeth.c.amorosi@usdoj.gov

C. Bradley Vynalek, Esq.
Quarles & Brady LLP
One Renaissance Square
Two North Central Avenue
Phoenix, AZ 85004
bvynalek@quarles.com
Attorneys for Ashley Coles

Craig A. Raby
Office of the Attorney General
1275 W. Washington
Phoenix, AZ 85007
craig.raby@azag.gov

Scott A. Rose
Kerry M. Griggs
The Cavanaugh Law Firm
1850 N. Central Avenue, Suite 2400
Phoenix, AZ 85004
srose@cavanaghlaw.com
kgriggs@cavanaghlaw.com
Attorneys for Central PHX Partners, LLC

Julie A Coleman
AZ Corporation Commission Securities Division
1300 W. Washington, 3rd Flr.
Phoenix, AZ 85007
jcoleman@azcc.gov
legaldiv@azcc.gov

Christopher A. LaVoy
LaVoy & Chernoff, PC
201 North Central Ave. Suite 3300
Phoenix, AZ 85004
cal@lavoychernoff.com
Attorneys for Sue Ross and Ted Dodenhoff

David Wm. Engleman
Steven Berger
Bradley Pack
Engelman Berger, PC
3636 N. Central Venue, Suite 700
Phoenix, AZ 85012
dwe@engelmanberger.com
snb@engelmanberger.com
bdp@engelmanberger.com