**GREENBERG TAURIG, LLP**
ATTORNEYS AT LAW
SUITE 700
2375 EAST CAMELBACK ROAD
PHOENIX, ARIZONA 85016
(602) 445-8000

John R. Clemency (SBN 009646)
clemencyj@gtlaw.com
Todd A. Burgess (SBN 019013)
burgesst@gtlaw.com

Attorneys for Mortgages Ltd.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>MORTGAGES LTD.,<br><br>Debtor. | Chapter 11 Case<br><br>case No. 2-08-bk-07465-RJH<br><br>**AFFIDAVIT OF BARRY MONHEIT IN SUPPORT OF APPLICATION FOR AN ORDER UNDER 11 U.S.C. § 327(A) AUTHORIZING THE EMPLOYMENT OF BARRY MONHEIT AS BUSINESS ADVISOR AND INVESTOR LIAISON FOR THE DEBTOR** |

STATE OF ARIZONA   )
                   ) ss.:
County of Maricopa )

Barry Monheit, being duly sworn, deposes and says:

1. I am an adult person over 18 years of age residing in Maricopa County, Arizona.

2. I respectfully submit this affidavit in connection with the *Application For An Order Under 11 U.S.C. § 327(a) Authorizing The Employment Of Barry Monheit As Business Advisor And Investor Liaison For The Debtor* (the "Application") filed by Mortgages, Ltd. ("MLtd" or "Debtor"), the debtor in the above captioned proceeding. Pursuant to the Application, 11 U.S.C. § 327(a), and Rules 2014(a) and 2016(a), Federal Rules of Bankruptcy Procedure, the Debtor asks the Court to enter an Order authorizing it to retain Barry Monheit as a business and financial advisor in the above-captioned case.

PHX 328,283,441v1

3. The purpose of this Affidavit is to provide the disclosures required under 11 U.S.C. § 327(a), as necessary to a finding that I qualify as a "disinterested person" as defined in 11 U.S.C. § 101(14) of the Code. Consistent with Federal Rule of Bankruptcy Procedure 2014(a) and 2016(a), and the Local Rules of this Court, this Affidavit is intended as a verified statement setting forth to the best of my knowledge, all of my connections with the Debtor, other parties in interest and its professionals in this case, as well as all amounts that I received from the Debtor as compensation for professional services, expense reimbursements, and advance fee retainers in the one (1) year prior to the commencement of the bankruptcy case. In the event that additional connections within the scope of the foregoing Rule are discovered during the pendency of this case, I will undertake to file supplemental disclosures as may become necessary and appropriate.

4. All capitalized terms not otherwise defined herein are intended to have the meanings ascribed to them in the Application, the Bankruptcy Code, and other applications and motions filed contemporaneously with this Affidavit.

5. To the best of my knowledge and information, except as set forth in paragraph 7 below, I have no connection with the Debtor, its respective creditors, any other party in interest herein, its current respective attorneys or professionals, the United States Trustee or any person employed in the office of the United States Trustee, and do not hold any adverse interest or represent any entity having an adverse interest in connection with the Debtor's case. For so long as I am retained by the Debtor, I will not represent any person or entity other than the Debtor in connection with the above-captioned case.

6. To the best of my knowledge, except as disclosed herein, I do not hold or represent any interest adverse to the Debtor, the estate, creditors, or any other party with an actual or potential conflict in this Chapter 11 case.

7. I have in the past represented, currently represent, or have connections with the following entities in unrelated matters within the scope of Federal Rule of Bankruptcy 2104(a):

-2-

PHX 328,283,441v1
Case 2:08-bk-07465-RJH    Doc 58    Filed 06/27/08    Entered 06/27/08 16:30:34    Desc
Main Document    Page 2 of 8

      a.    Mr. Monheit serves as the Non-Executive Chairman of the Board of Smith & Wesson. Greenberg Traurig, LLP ("GT") currently serves as general counsel for Smith & Wesson.

      b.    Mr. Monheit owns a fractional interests of the MP 15 Fund (not a Debtor in bankruptcy) originated and serviced by the Debtor.

      c.    Mr. Monheit was retained by the Debtor prepetition to assist in stabilizing the Debtor's operations and preserving its assets in the wake of Mr. Coles' tragic death.

      d.    Mr. Monheit is leasing a house from Tom Hirsch. Mr. Monheit has been leasing from Mr. Hirsch since January of 2008, prior to which Mr. Monheit did not know or have any business dealings with Mr. Hirsch, nor does he now.

      e.    With hundreds of other investments, unrelated to this Chapter 11 case, it is possible that Mr. Monheit has unrelated investments with parties involved in this Chapter 11 case.

8. Except as set forth above, to the best of my knowledge, I do not have any connections with the Debtor, any creditors, any other parties in interest, any of the professionals to be retained in this case, the United States Trustee or any person employed in the Office of the United States Trustee. I am not a creditor of the Debtor, equity security holder, or an insider of the Debtor. To the extent that it is determined that I have any contingent, unliquidated claim against the Debtor (as opposed to the borrowers on the loans of which I own an interest) based on my status as an owner of a fractionalized interest in the MP 15 Fund, originated and serviced by the Debtor, I will agree to waive any such claim against MLtd. if such waiver is a condition to a finding by the Court that I am disinterested and hold no interest adverse to the Debtor.

9. The professional services that I expect to render for the Debtor include, but shall not be limited to, the following:

      a.    to advise the Debtor with respect to investor relation issues;

      b.    to assist in the evaluation of the Debtor's loan portfolio and to develop and implement collection strategies for the Debtor;

      c.    to assist with the preparation of strategy for reorganization and in the preparation of a plan and disclosure statement; and

...

-3-
PHX 328,283,441v1
Case 2:08-bk-07465-RJH    Doc 58    Filed 06/27/08    Entered 06/27/08 16:30:34    Desc
Main Document    Page 3 of 8

d.  to advise the Debtor regarding loan workouts with borrowers.

10. I believe that I am well suited for the type of representation required by the Debtor. I have over thirty (30) years of business restructuring experience, including experience as President of FTI Consulting's Financial Division. I have substantial experience in accounting and finance in the context of bankruptcy. I am a certified fraud examiner and a certified public accountant in New York and Texas. I was a Partner in charge of the U.S. bankruptcy practice at Arthur Anderson until 1992. I have served as lead consultant on over 200 matters in and out of Chapter 11 bankruptcy. I have served as an operating trustee and liquidating trustee in numerous cases, and have served as a Federal Mediator. On numerous occasions I have been called upon to interface and negotiate with outside investors that asserted claims or interests in debtors. Consequently, I have the resources and experience necessary to serve as a business and financial advisor for the Debtor. I also am uniquely qualified to assist the Debtor with investor relation issues in this case based upon my prepetition work with the Debtor in the wake of the tragic death of Scott Coles and based on my status as a loan investor. I, along with the Debtor's management and MCA Financial, successfully stabilized operations, interfaced with investors, and took the steps necessary to preserve the value of the Debtor's business and assets. Prior to MLtd's bankruptcy, I also spearheaded efforts to form an *ad hoc* group of MLtd's investors. The members of the committee are: Bill Lewis, Bill Hawkins, Doug Gardner, Honeylou Reznik, Jon Bliven, Malcolm Jozoff, Mike Macera, Bob Furst and myself. I have maintained contact with the investor group members. I believe that my experience, professional expertise, and status as an investor will be an asset to the Debtor in this case.

11. Subject to this Court's approval and in accordance with Sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the rules of, and other procedures that may be fixed by, this Court, the Debtor and I have agreed that I will be compensated on an hourly basis at the rate of $525 per hour.

-4-

*PHX 328,283,441v1*

Case 2:08-bk-07465-RJH    Doc 58    Filed 06/27/08    Entered 06/27/08 16:30:34    Desc
Main Document    Page 4 of 8

12. I intend to apply to the Court for allowance of compensation for professional services rendered and expenses incurred in this case in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules for the District of Arizona and the orders of this Court. I have agreed to accept as compensation such sums as may be allowed by the Court on the basis of (i) the professional time spent; (ii) the rates charged for such services; (iii) the necessity of such services to the administration of the estate; (iv) the reasonableness of the time within which the services were performed in relation to the results achieved; and (v) the complexity, importance, and nature of the problems, issues or tasks addressed in this case.

13. Other than as set forth above, no arrangement is proposed between the Debtor and I for compensation to be paid in this case.

14. As discussed above, I was retained by the Debtor prior to the Petition Date and during the "gap period" (the time from the Petition Date through the date that the Conversion Motion was filed). In the year prior to the Petition Date, in addition to the Retainer, the Debtor paid me approximately $40,000 in the ordinary course of business as compensation for professional services rendered and expenses incurred in connection therewith the MP 15 Fund. Because I own fractional interests in certain loans serviced by the Debtor, in the year preceding the Petition Date, I received $239,957 in interest payments with respect to muy interest in the MP 15 Fund, however, such payments were passed through the Debtor from the borrowers on the loans to me.

If called to testify in this matter, I would testify consistent with my statements herein. Further affiant sayeth not.

Barry Monheit

PHX 328,283,441v1

COPIES of the foregoing were served this 27th day of June, 2008 on all parties on the attached Service List via U.S. Mail, Email, Facsimile, or Hand-Delivery.

/s/ [signature]

Donald L. Gaffney
Snell & Wilmer LLP
One Arizona Center
Phoenix, AZ 85004
dgaffney@swlaw.com
Attorneys for KGM Builders, Inc., Central & Monroe, LLC and
Osborn III Partners, LLC

Ryan W. Anderson
Guttilla Murphy Anderson, PC
4150 West Northern Avenue
Phoenix, AZ 85051
randerson@gamlaw.com
Attorneys for Department of Financial Institutions

Jerome K. Elwell, Esq.
Warner Angle
3550 N. Central, #1500
Phoenix, AZ 85012
jelwell@warnerangle.com
Attorneys for Francine Hardaway

C. Taylor Ashworth
Alisa C. Lacey
Stinson Morrison Hecker LLP
1850 N. Central Avenue, Suite 2100
Phoenix, AZ 85004
tashworth@stinson.com
Attorneys for Oxford and Investor Group

Felecia A. Rotellini
Robert Charlton
Arizona Department of Financial Institutions
2910 N. 44th Street Suite 310
Phoenix, AZ 85018
frotellini@azdfi.gov
rcharlton@azdfi.gov

William J. Maledon
John L. Blanchard
Osborn Maledon, PA
2929 N. Central Avenue, Suite 2100
Phoenix, AZ 85012
wmaledon@omlaw.com
jblanchard@omlaw.com
Attorneys for Rightpath Limited Development

Christopher S. Reeder
Yaw-Jium Wu
Sheppard, Mullin, Richter & Hampton LLP
333 South Hope St, 48th Fl
Los Angeles, CA 90071
creeder@sheppardmullin.com
gwu@sheppardmullin.com
Attorneys for Right path

Robert A. Shull
Mariscal, Weeks, McIntyre & Friedlander, PA
2901 N. Central Avenue, Suite 200
Phoenix, AZ 85012
rob.shull@mwmf.com
Attorneys for Artemus Realty Capital, LLC and Gold Creek, Inc.

Office of the U.S. Trustee
Attn: Jonathan Hess, Esq.
230 N. First Avenue, #204
Phoenix, AZ 85003
jon.e.hess@usdoj.gov

C. Bradley Vynalek, Esq.
Quarles & Brady LLP
One Renaissance Square
Two North Central Avenue
Phoenix, AZ 85004
bvynalek@quarles.com
Attorneys for Ashley Coles

Craig A. Raby
Office of the Attorney General
1275 W. Washington
Phoenix, AZ 85007
craig.raby@azag.gov

Scott A. Rose
Kerry M. Griggs
The Cavanaugh Law Firm
1850 N. Central Avenue, Suite 2400
Phoenix, AZ 85004
srose@cavanaghlaw.com
kgriggs@cavanaghlaw.com
Attorneys for Central PHX Partners, LLC

Shelton Freeman
DeConcini McDonald Yetwin & Lacy PC
2025 N. 3rd Street, Suite 230
Phoenix, Z 85004
tfreeman@dmylphx.com
Attorneys for Radical Bunny

Christopher A. LaVoy
LaVoy & Chernoff, PC
201 North Central Ave. Suite 3300
Phoenix, AZ 85004
cal@lavoychernoff.com
Attorneys for Sue Ross and Ted Dodenhoff

David Wm. Engleman
Steven Berger
Bradley Pack
Engelman Berger, PC
3636 N. Central Venue, Suite 700
Phoenix, AZ 85012
dwe@engelmanberger.com
snb@engelmanberger.com, bdp@engelmanberger.com

Richard R. Thomas
Thomas Schern Richardson, PLLC
1640 South Stapley Drive, Suite 205
Mesa, AZ 85204
rthomas@thomas-schern.com, twhitney@thomas-schern.com
Attorneys for Eva Sperber-Porter, Litchfield Road Associates Limited
Partnership, and Baseline & Val Vista Associates Limited Partnership

Daniel P. Collins
Collins, May, Potenza, Baran & Gillespie, PC
201 North Central Avenue, Suite 2210
Phoenix, AZ 85004
dcollins@cmpbglaw.com

Sean O'Brien
Gust Rosenfeld PLC
201 E. Washington Street, Suite 800
Phoenix, AZ 85004
spobrien@gustlaw.com
Attorneys for Larry Lattig, Litigation Trustee

Scott Cohen
Engelman Berger, PC
3636 N. Central Avenue, Suite 700
Phoenix, AZ 85012
sbc@engelmanberger.com
Attorneys for Arizona Bank & Trust

Gerald K. Smith
Lewis & Roca LLP
40 North Central Avenue
Suite 1900
Phoenix, Arizona 85004-4429
GSmith@LRLaw.com

Dennis J. Wicham
Seltzer Caplan McMahon Vitek
2100 Symphony Towers
750 B. Street
San Diego, CA 92101
wicham@scmv.com
Attorneys for Southwest Value Partners Fund XIV, LP

Jerry Cochran
Cochran Law Firm PC
2999 North 44th Street, Suite 600
Phoenix, AZ 85018
jcochran@cochranlawfirmpc.com
Attorneys for Metropolitan Lofts, LLC

*HX 328,280,600v1*