Carolyn J. Johnsen – 011894
cjjohnsen@jsslaw.com
Bradley J. Stevens – 006723
bstevens@jsslaw.com
Todd M. Adkins - 025338
tadkins@jsslaw.com
**JENNINGS, STROUSS & SALMON, P.L.C.**
A Professional Limited Liability Company
The Collier Center, 11th Floor
201 East Washington Street
Phoenix, Arizona 85004-2385
Telephone: (602) 262-5911
Facsimile: (602) 495-2696

*Proposed Attorneys for the Debtor*

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>Mortgages Ltd.,<br><br>Debtor. | Chapter 11 Proceedings<br><br>Case No. 2:08-bk-07465-RJH<br><br>**APPLICATION FOR ORDER AUTHORIZING AND APPROVING THE EMPLOYMENT OF JENNINGS, STROUSS & SALMON P.L.C. AS ATTORNEYS FOR THE DEBTOR** |

Mortgages Ltd., the debtor and debtor-in-possession ("ML" or "Debtor"), in the above-captioned case, hereby submits this application to employ Jennings, Strouss & Salmon, P.L.C. ("JSS" or the "Firm") as counsel to the Debtor as of July 7, 2008 (the "Application"). This Application is brought pursuant to 11 U.S.C. §327(a) and Rules 2014(a) and 2016(a) of the Federal Rules of Bankruptcy Procedure and in accordance with this Court's Order dated July 3, 2008. In support of the Application, the Debtor respectfully represents as follows:

# I.
# Jurisdiction

1. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Venue of this proceeding and this Application is proper in this District pursuant to 28 U.S.C. § 1408 and 1409.

3. The statutory predicates for the relief sought herein are 11 U.S.C. §§327(a) and 105 and Rules 2014(a) and 2016(a) of the Federal Rules of Bankruptcy Procedure.

# II.
# Background

4. On June 20, 2008 (the "Petition Date"), Central & Monroe, LLC, Osborn Partners, LLC, and KGM Builders, Inc. ("Petitioning Parties") filed an involuntary Petition against the Debtor under Chapter 7 of the Bankruptcy Code.

5. On June 23, 2008, the Debtor filed an *Application for an Order Under 11 U.S.C. § 327(A) Authorizing the Employment of Greenburg Traurig, LLP as General Counsel to the Debtor* ("Application to Employ Greenburg Traurig, LLP")(Docket No. 21).

6. On June 23, 2008, the Debtor also filed a *Motion to Convert Involuntary Chapter 7 Case to Case Under Chapter 11 Pursuant to 11 U.S.C. § 706)(a)* ("Motion to Convert"), requesting that the Court convert the improperly filed involuntary Chapter 7 case to a voluntary case under Chapter 11 of the Bankruptcy Code.

7. On June 24, 2008, the Court granted the Application to Employ Greenburg Traurig, LLP, on a limited basis, and the Motion to Convert.

8. On July 3, 2008, this Court entered its "Order Relating to

Emergency Motion for Appointment of Trustee" in which it ordered the immediate withdrawal of Greenburg Traurig, LLP as Debtor's interim general bankruptcy counsel and directed the Debtor to file a new application for the retention of another firm as general bankruptcy counsel.

### III.
### Relief Requested

9. By this Application, the Debtor seeks to employ and retain JSS, as of July 7, 2008, as its general bankruptcy counsel in connection with the Debtor's Chapter 11 bankruptcy case and for the performance of legal services as set forth herein.

10. The Debtor seeks to retain the Firm as its bankruptcy counsel because of the Firm's extensive experience and knowledge in the field of debtor and creditor rights and business reorganizations under chapter 11 of the Bankruptcy Code and because of the Firm's extensive expertise, experience and knowledge practicing before this Court.

11. The Debtor understands that the Firm will seek compensation from the Debtor's bankruptcy estate at its regular hourly rates for attorneys and paraprofessionals and reimbursement of expenses incurred on the Debtor's behalf, subject to prior Court approval after notice and hearing.

12. Subject to Court approval in accordance with Bankruptcy Code § 330(a), compensation will be payable to the Firm on an hourly rate basis, plus reimbursement of actual, necessary expenses and other charges incurred by the Firm as agreed to between the Firm and the Debtor. The principal attorneys who will most likely represent the Debtor and their agreed upon hourly rates for this case are:

    a. Carolyn J. Johnsen     $425 per hour

    b. Bradley J. Stevens     $390 per hour

    c. Brian Spector     $385 per hour

    d.  Todd Adkins    $175 per hour

  13.  The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions. The Firm will use other attorneys and paraprofessionals during the course of the case as appropriate.

  14.  The hourly rates set forth above are the Firm's standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate the Firm for the work of its attorneys and paraprofessionals and to cover fixed and routine overhead expenses. It is the Firm's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, facsimile charges, mail and express mail charges, special or hand delivery charges, long distance telephone charges, document retrieval, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by the Firm to outside copying services for use in mass mailings, computerized research, transcription costs, and charges related to conference calls hosted by the Firm. The Firm will charge the Debtor's estate for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients.

  15.  The professional services that the Firm will render to the Debtor include, but shall not be limited to, the following:

  a.  to assist, advise and represent Debtor in connection with the administration of Debtor's case;

  b.  to advise Debtor with respect to its powers and duties as debtor and debtor-in-possession in the continued management and operation of its business and properties;

  c.  to attend meetings and negotiate with representatives of creditors and other parties-in-interest;

  d.  to take all necessary action to protect and preserve Debtor's

3160634v1(99999.1)     -4-
Case 2:08-bk-07465-RJH  Doc 115  Filed 07/08/08  Entered 07/08/08 18:53:08  Desc
Main Document  Page 4 of 9

estate, including the prosecution of actions on its behalf, the defense of any actions commenced against the estate, negotiations concerning litigation in which the Debtor may be involved, and objections to claims filed against the estate;

  e. prepare on behalf of Debtor all motions, applications, answers, orders, reports, and papers necessary to the administration of the estate;

  f. negotiate, solicit and obtain court approval on Debtor's behalf plan(s) of reorganization, disclosure statements, and all related agreements and/or documents, and take any necessary action on behalf of Debtor to obtain confirmation of such plan(s);

  g. appear before this Court, any appellate courts, and the United States Trustee, and protect the interests of Debtor's estate before such courts and the United States Trustee; and

  h. perform all other necessary legal services and provide all other necessary legal advice to Debtor in connection with the Chapter 11 case.

  16. Neither the Firm, nor any of its shareholders or associates, insofar as the Debtor has been able to ascertain, and except as disclosed in the Declaration of Carolyn J. Johnsen (the "Johnsen Declaration") filed contemporaneously herewith, represent any interest adverse to the Debtor, its estate, or its creditors, in the matters upon which the Firm is to be engaged. The Firm is a "disinterested person," as the Debtor understands this term to be defined, within the meaning of 11 U.S.C. §§ 101(14) and 101(31).

  17. To the best of the Debtor's knowledge, and except as disclosed in the Johnsen Declaration, the Firm has no prior connection with the Debtor, its creditors or any other party-in-interest, or its respective attorneys or accountants in the matters upon which the Firm is to be engaged that would in any way disqualify it from representing the Debtor.

3160634v1(99999.1)   -5-
Case 2:08-bk-07465-RJH   Doc 115   Filed 07/08/08   Entered 07/08/08 18:53:08   Desc
Main Document   Page 5 of 9

18. The Debtor desires to employ the Firm because of the extensive legal services that will be required in this case and because the Debtor believes that the Firm is well qualified to act as counsel on the Debtor's behalf therein.

19. Since the Debtor retained the services of the Firm beginning July 7, 2008, the Debtor requests that any order entered authorizing such retention be effective as of July 7, 2008.

## IV.
## Conclusion

20. WHEREFORE, the Debtor requests entry of an Order, substantially in the form attached hereto, authorizing the Debtor to employ and retain the Firm as counsel as of July 7, 2008, and granting such other and further relief as is just and proper.

DATED: July 8, 2008.

/s/ Laura Martini
By: Laura Martini
Its: Interim President & CEO

# FORM OF ORDER

ATTACHED

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>Mortgages Ltd.,<br><br>        Debtor. | Chapter 11 Proceedings<br><br>Case No. 2:08-bk-07465-RJH<br><br>**ORDER AUTHORIZING AND APPROVING THE EMPLOYMENT OF JENNINGS, STROUSS & SALMON P.L.C. AS OF JULY 7, 2008, AS ATTORNEYS FOR THE DEBTOR** |

This matter comes before the Court on the *Application for Order Authorizing and Approving the Employment of Jennings, Strouss & Salmon, P.L.C. as Attorneys for the Debtor* (the "Application") requesting Court approval for JSS to be retained as counsel for the Debtor/Debtor in Possession. The Application having been accompanied by a Disclosure of Compensation pursuant to Rule 2016 and a Verified Statement pursuant to Rule 2014 wherein Jennings Strouss sets forth that it is a disinterested party and will represent no other interest than those of the Debtor during this Chapter 11 proceeding, and this Court finding that Jennings Strouss is otherwise qualified to serve as counsel for the Debtor;

IT IS HEREBY ORDERED approving the employment of Jennings Strouss pursuant to 11 U.S.C. § 327 as counsel for the Debtor in the above Chapter 11 proceeding effective July 7, 2008, with no payment of compensation or reimbursement of expenses being made except upon appropriate application and after notice and hearing or in

| | |
|---|---|
| 1 | accordance with other orders by the Court. |
| 2 | IT IS FURTHER ORDERED directing that all fee applications must comply with |
| 3 | the fee application guidelines of the Office of the United States Trustee. |
| 4 | DATED _____. |
| 5 | |
| 6 | _____<br>United States Bankruptcy Judge |