**SCHIAN WALKER, P.L.C.**
3550 NORTH CENTRAL AVENUE, #1700
PHOENIX, ARIZONA 85012-2115
TELEPHONE: (602) 277-1501
FACSIMILE: (602) 297-9633
E-MAIL: ecfdocket@swazlaw.com

DALE C. SCHIAN, #010445
CODY J. JESS. #025066
Attorneys for FTI Consulting, Inc.

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | No. 2-08-bk-07465-RJH |
| MORTGAGES LTD., | CHAPTER 11 |
| Debtor. | **RESPONSE TO EMERGENCY MOTION TO PRECLUDE TESTIMONY** |
| | DATE: January 26, 2010<br>TIME: 11:30 a.m.<br>LOCATION: 230 North First Avenue<br>Phoenix, Arizona<br>Courtroom 603, 6th Floor |

FTI Consulting, Inc. ("**FTI**"), by and through its undersigned attorneys, responds to Kevin T. O'Halloran's, Trustee of the ML Liquidating Trust (the "**Liquidating Trustee**"), *Emergency Motion to Preclude Testimony* (the "**Emergency Motion**") [DE 2609]. The Emergency Motion seeks to bar FTI from relying on the testimony of Christine Zahedi ("**Ms. Zahedi**") and Chris Olson ("**Mr. Olson**") at the hearing on FTI"s *First and Final Fee Application of FTI Consulting as Financial Advisors to Debtors and Debtors In Possession and Allowance of Compensation and Reimbursement of Expenses* (the "**Final Application**") scheduled for January 27, 2010, as a sanction for FTI's attorney's allegedly impermissible *ex parte* communications with Ms. Zahedi and Mr. Olson (collectively, the "**Communications**"). Because Ms. Zahedi and Mr. Olson are not "represented" by counsel as contemplated by Arizona Rule of Professional Conduct ("**ER**") 4.2, and because neither Ms. Zahedi's nor Mr. Olson's acts or omissions gave rise to the underlying litigation, the Communications are permissible and, accordingly, the relief requested in the Emergency Motion must be denied.

This response is more fully supported by the Memorandum of Points and Authorities that is attached hereto and incorporated herein by this reference.

RESPECTFULLY SUBMITTED this __26th__ day of January, 2010.

SCHIAN WALKER, P.L.C.


By  /s/    DALE C. SCHIAN, #010445
    Dale C. Schian
    Cody J. Jess
    Attorneys for FTI Consulting, Inc.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

The Liquidating Trustee argues that the Communications violate ER 4.2 because Ms. Zahedi and Mr. Olson are purportedly represented by counsel and their acts and/or omissions "give rise to the underlying litigation." Emergency Motion, at 5:18-19. First, neither the Liquidating Trustee nor its attorneys represent Ms. Zahedi or Mr. Olson. ER 4.2 provides "In representing a client, a lawyer shall not communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so." In the case of an organization, the rule prohibits communications with former employees whose acts or omissions in connection with the matter may be imputed to the organization. Comment, E.R. 4.2. The prohibition against contacting represented persons "is intended to (1) prevent unprincipled attorneys from exploiting the disparity in legal skills between attorneys and lay people, (2) preserve the integrity of the attorney-client relationship, (3) help to prevent the inadvertent disclosure of privileged information, and (4) facilitate settlement." *Lang v. Superior Court*, 170 Ariz. 602, 604, 826 P. 2d 1228, 1231 (App. 1992) (citing *Polycast Technology Corp. v. Uniroyal, Inc.,* 129 F.R.D. 621, 625 (S.D.N.Y. 1990)).

///

///

Conversely, because the aforementioned concerns are not implicated when a lawyer communicates with an unrepresented person, the ERs discuss,[1] but do not prevent such communications. As the *Lang* court noted, "The American Bar Association Committee on Ethics has concluded that rule 4.2 does not prohibit *ex parte* contacts with **unrepresented former employees**." *Lang*, 170 Ariz. at 607, 826 P. 2d at 1233 (citing ABA Comm. on Ethics and Professional Responsibility, Formal Op. 91-359 (March 22, 1991) (emphasis added). According to the American Bar Association, "[I]t is the opinion of the Committee that a lawyer representing a client in a matter adverse to a corporate party that is represented by another lawyer may, without violating Model Rule 4.2, communicate about the subject of the representation with an unrepresented former employee of the corporate party without the consent of the corporation's lawyer." *Id*. The Liquidating Trustee has not alleged that it represents either Ms. Zahedi or Mr. Olson, nor has it proffered any evidence that such representation can be assumed from the facts. In *Lang*, which the Liquidating Trustee principally relies upon, the court noted that in *Public Serv. Elec. & Gas v. Assoc. Elec. & Gas,* 745 F. Supp. 1037 (D. N.J. 1990), "the court concluded that former employees are parties represented by the former employer's counsel within the meaning of Rule 4.2 and, therefore, cannot be the subject of informal *ex parte* contact." As noted by the court in *LaPoint v. AmerisourceBergen Corp*., 2006 WL 2105862, at *3 n. 13 (Del. Ch. Jul 18, 2006), however, *Public Service* was superseded by *Klier v. Sordoni Skanska Const. Co*., 337 N.J. Super. 76, 92, 766 A. 2d 761, 770 (N.J. App. Div. 2001) (holding that changes in New Jersey state law mean that a party may interview a former member of an adverse party's control group if that former employee has disavowed the corporation's representation).

Here, the Liquidating Trustee's interests are misaligned with Ms. Zahedi's and Mr. Olson's, and its representation is not a foregone conclusion. The above-noted factors delineated in *Lang* that counter against communicating with represented parties are not implicated. Ms. Zahedi and Mr.

---

[1] *See* ER 4.3 ("In dealing on behalf of a client with a person who is not represented by counsel, a lawyer shall not state or imply that the lawyer is disinterested. When the lawyer knows or reasonably should know that the unrepresented person misunderstands the lawyer's role in the matter, the lawyer shall make reasonable efforts to correct the misunderstanding").

Olson are both sophisticated individuals, there is no attorney-client relationship that requires protection, and the parties are actively engaged in litigation. This is not a case where an outsider has attempted to breach the opposing party's privileged and confidential walls. The argument that counsel for FTI, the Debtor's former professionals, should not be permitted to have contact with Ms. Zahedi and Mr. Olson, the Debtor's former COO and CFO, in order to protect "attorney-client privileged communications" is nonsense given FTI's role in the Debtor's case.[2]

If anything, the Liquidating Trustee's conflicted position illustrates that it does not represent Ms. Zahedi and Mr. Olson. If, for example, the Liquidating Trustee does in fact represent Ms. Zahedi and Mr. Olson, one wonders why it would schedule and take their depositions. Perhaps most illustrative of the fact that the Liquidating Trust does not represent Ms. Zahedi and Mr. Olson is that the Liquidating Trustee has identified Ms. Zahedi and Mr. Olson as "Persons against whom the Debtor, may have Causes of Action." *Revised Exhibit E to the Amended Disclosure Statement* [DE 1510-4]. Surely the Liquidating Trustee and its attorneys cannot maintain a cause of action against their own clients. Accordingly, because Ms. Zahedi and Mr. Olson are not represented by the Liquidating Trustee, FTI's attorney's *ex parte* Communications are permissible under ER 4.2.

Even if the Liquidating Trustee represents Ms. Zahedi and Mr. Olson, which it does not, Arizona law permits *ex parte* communications with former employees of the opposing party if, among other things, the acts or omissions of the former employee ***do not give rise to the underlying litigation***. *Lang,* 170 Ariz. at 608-09, 826 P.2d at 1234-35; *see also Kaiser v. Amer. Telephone & Telegraph*, 2002 WL 13632054, at *5 (D. Ariz. Apr. 5, 2002) (same). In *Kaiser*, for example, the court stated that:

> It is . . . undisputed that Laveaga is a former supervisor whose acts or omissions are directly related to Kaiser's wage claim, and give rise to that claim. Kaiser's counsel believes that Laveaga's acts or omissions do not give rise to any of Kaiser's claims because Laveaga did not make the decision to terminate Kaiser and did not make a decision to pay or not pay Kaiser. However, that understanding is based on an unduly restrictive reading of *Lang* and a narrow understanding of the facts of this case.

---

[2] It should be noted that the attorney-client privilege may not be used to prevent an attorney from defending himself or collecting his fee when challenged by their former client. ER 1.6(d)(4).

-4-

> Kaiser's wage claim is directly based on alleged promises or representations made by Laveaga. Indeed, Kaiser's lawyers relied on a May 1999 letter authored by Laveaga to press Kaiser's claims with AT & T before suit was filed, and Kaiser has subsequently confirmed that his wage claim is based on promises and other representations made by Laveaga. Thus, properly understood, the wage claim arises from acts (representations or promises made) by Laveaga during the course of his employment with AT & T and in the course of his duties as AT & T's Global Sales Manager.

Id. at *6. Given the facts noted above, *Kaiser* is far from dispositive, and the Liquidating Trustee's dearth of analysis illustrates its lopsided argument.

Here, the Liquidating Trustee does not even attempt to connect Ms. Zahedi's and/or Mr. Olson's acts or omissions to the underlying litigation. Although the Debtor hired FTI and approved its services and fees, FTI's claim does not arise from any act or omission of Ms. Zahedi or Mr. Olson in the course of their employment. The fact of the matter is that the underlying litigation arises out of the ***Liquidating Trustee's objection to pay FTI's fees***. The Debtor hired FTI. Mr. Olson and Ms. Zahedi were FTI's successive, primary contacts with whom FTI worked on a daily basis. As such, Mr. Olson and Ms. Zahedi are the persons best able to testify as to the work that they requested FTI perform, and their review and approval of the fees associated with that work. It is the Liquidating Trustee that has alleged that FTI's fees are not reasonable under Bankruptcy Code § 330, and it is this accusation that forms the basis for the underlying litigation. That Ms. Zahedi and/or Mr. Olson played a role in approving FTI's retention, sanctioning the services it rendered, or approving its fees is irrelevant in determining the propriety of opposing counsel's contact. As the State Bar of Arizona recognized in Ariz. Op. 00-05, "Contacts with a former employee are not prohibited merely because that person may have information which is harmful to the opposing party; nor does the fact that a former employee may be a prospective witness, even a critical one, trigger the prohibition." (citing *Lang* 170 Ariz. at 606, 826 P.2d at 1232; Ariz. Op. 95-07 (noting fact that testimony of former employee may be detrimental to former employer does not determine appropriateness of contact). The Liquidating Trustee has forced FTI to defend the efficacy of the services the Debtor requested and the fees the Debtor approved. Forbidding FTI's attorneys from contacting the very individuals that hired FTI and approved their fees,

-5-

would put FTI in a curious and difficult position that is not supported by the ERs, case law or common sense.

Additionally, the prohibition suggested by the Liquidating Trustee would lead to absurd results that are best illustrated in the context of former debtor's counsel. The most obvious scenario is where a corporate Chapter 11 case is converted to a proceeding under Chapter 7 and the Chapter 7 trustee retains counsel. If the Liquidating Trust's logic were accepted, only the Chapter 7 trustee's counsel could have direct contact with the debtor's former management. According to the Liquidating Trustee, it would be improper for the former debtor's counsel to have any "*ex parte*" communications with the former management for the debtor. The attorney could not respond to the inquiries of displaced management as to their duty to cooperate with the trustee nor assist them in fulfilling the duties imposed upon a debtor that arise upon a conversion to Chapter 7 unless the trustee's counsel expressly authorized such contact. No one has ever suggested such an absurd result, but that is the position taken by the Liquidating Trustee. The Liquidating Trustee's position must be recognized for what it is - nothing more than an attempt to gain litigation advantage by depriving FTI of the ability to freely communicate with the individuals with whom it worked closely throughout the case to refute the baseless and unsubstantiated allegations of the Liquidating Trustee and the ML Manager, LLC.

WHEREFORE, based on the foregoing, FTI respectfully requests that the relief requested in the Emergency Motion be denied.

RESPECTFULLY SUBMITTED this  26th  day of January, 2010.

SCHIAN WALKER, P.L.C.


By  /s/    DALE C. SCHIAN, #010445
    Dale C. Schian
    Cody J. Jess
    Attorneys for FTI Consulting, Inc.

-6-

COPY of the foregoing
e-mailed this  26th  day
of January, 2010, to:

Edward M. McDonough
Alvarez & Marsal Dispute Analysis &
 Forensic Services, LLC
2355 East Camelback Road, #805
Phoenix, Arizona 85016
emcdonough@alvarezandmarsal.com

Carolyn J. Johnsen, Esq.
Bradley J. Stevens, Esq.
Todd B. Tuggle, Esq.
Jennings Strauss & Salmon, P.L.C.
201 East Washington Street, 11th Floor
Phoenix, Arizona 85004-2385
Attorneys for Debtor
cjjohnsen@jsslaw.com
bstevens@jsslaw.com
ttuggle@jsslaw.com

Cathy L. Reece, Esq.
Keith L. Hendricks, Esq.
Gerald L. Shelley, Esq.
Fennemore Craig, P.C.
3003 North Central Avenue, #2600
Phoenix, Arizona 85012
Attorneys for ML Manager, LLC
creece@fclaw.com
khendricks@fclaw.com
gshelley@fclaw.com

Sharon B. Shively, Esq.
Sacks Tierney, P.A.
4250 North Drinkwater Boulevard, 4th Floor
Scottsdale, Arizona 85251-3693
Attorneys for Kevin T. O'Halloran, Trustee
 of the Liquidating Trust of Mortgages Ltd.
sharon.shively@sackstierney.com

Michael D. O'Mara, Esq.
Mark J. Dorval, Esq.
Stradley, Ronon, Stevens & Young, LLP
2600 One Commerce Square
Philadelphia, Pennsylvania 19103
Attorneys for Kevin T. O'Halloran, Trustee
 of the Liquidating Trust of Mortgages Ltd.
mo'mara@stradley.com
mdorval@stradley.com

///

Shelton L. Freeman, Esq.
Nancy J. March, Esq.
DeConcini McDonald Yetwin & Lacy, P.C.
7310 North 16th Street, #330
Phoenix, Arizona 85020
Attorneys for G. Grant Lyon, Chapter 11
 Trustee for Radical Bunny, L.L.C.
tfreeman@lawdmyl.com
nmarch@dmyl.com


  /s/    DEBBI STEPHENS

134598v2

-8-